IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

RICKY ALAN WILLCUT and TERRI
ANN WILLCUT,

        Debtors.

Case No. 10-12802-M
Chapter 7

Filed/Docketed
Jul 02, 2012

## MEMORANDUM OPINION

We all know that the filing of a bankruptcy case creates a legal entity known as the bankruptcy estate. We also know that, under § 541(a) of the Bankruptcy Code, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate.[1] The question before the Court today is whether an agreement can preclude the inclusion of property into a bankruptcy estate. At stake is a debtor's interest in income generated by a family business. This would be a great law school exam question were it not resolved by a cursory reading of the United States Bankruptcy Code. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1334(b), and venue is proper pursuant to 28 U.S.C.A. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C.A. § 157(a). A determination regarding the turnover of property to a bankruptcy trustee is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(E).

---

[1] 11 U.S.C. § 541(a).  Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 et seq. (West 2012).

**Findings of Fact**

Ricky Alan Willcut and Terri Ann Willcut ("Debtors") filed an original petition for relief under Chapter 7 of the Bankruptcy Code with this Court on August 13, 2010. Debtors are represented by Todd M. Henshaw ("Henshaw"), an attorney with over 35 years of experience who practices regularly in this Court. Steven W. Soulé ("Trustee" or "Soulé") was appointed to serve as trustee. He continues to serve in that capacity.

One of the Debtors, Terri Ann Willcut ("Terri"), has, at all times since January 1, 2003, owned an interest in a limited liability company known as Horner Family, L.L.C., an Oklahoma limited liability company (the "LLC"). Terri owns 24 non-voting units and .5 voting units in the LLC.[2] The LLC is governed by an operating agreement (the "Operating Agreement").[3] Article IX of the Operating Agreement deals with the ability of owners of units in the LLC to transfer those units. The pertinent provisions of the Operating Agreement read as follows:

> 9.1   General Restrictions on Transfers. Except as may otherwise be permitted under this Agreement, no Member may make or suffer to be made any transfer (as defined in Article I) of any Units in the Company to any other Person.
>
> 9.2   Permitted Transfers of Units. The following transfers described in this Section 9.2 shall be permitted transfers. Any Person to whom a Unit is transferred as permitted hereunder is referred to as a "Permitted Transferee." However, any permitted transfer hereunder shall be effective only upon compliance with the requirements of Section 9.4. Any Permitted Transferee hereunder may become a substituted Member in the Company only upon compliance with Section 9.5.
>
>> 9.2.1   To Horner Family Members. Units in the Company may be freely transferred among Horner Family Members.
>>
>> 9.2.2   To Others With Consent of the Members. Any Member may transfer

---

[2] *Trustee Ex. 1-1.*

[3] *Trustee Ex. 1-4 to 1-25.*

> all or any part of that Member's Units in the Company other than to a Horner Family Member with a Majority Vote of the Members owning Voting Units.
>
> 9.3     Consequences of Impermissible Transfer.  In the event any Unit or Units are transferred other than as permitted in Section 9.2, then for so long as such transfer has not been approved by a Majority Vote of the Members owning Voting Units as provided for in Section 9.2.2, above (such Person is referred to as an "Impermissible Transferee" and the Units are referred to as the "Affected Units"), then in addition to such other remedies which the Company may have under this Agreement and under applicable law, neither the transferor Member nor the Impermissible Transferee shall be considered to be a Member for any purposes whatsoever, and all Profits shall be allocated and all distributions shall be made exclusively to the other Members as if the Affected Units did not exist.  In addition, the Affected Units shall be nonvoting for purposes of determining a Majority Vote and shall have no right to vote on or participate in the giving or receipt of consents or approvals of Company decisions.[4]

There have been no formal transfers of Terri's interest in the LLC to Soulé.  There is nothing in the record to indicate that any members of the LLC are aware of her bankruptcy case.

Terri has continued to receive monthly distributions from the LLC after her bankruptcy case was filed.[5]  She has not turned these over to Soulé or provided an accounting of the monies received.  On March 13, 2012, Soulé filed his motion for turnover and accounting (the "Motion"), seeking an accounting for and return of all monies received by Terri from the LLC from and after August 13, 2010.[6]  Henshaw resisted the Motion, arguing that Terri's interest in the LLC may not be transferred without the consent of the other members of the LLC, and that, failing such consent, Soulé is not

---

[4] *Trustee Ex. 1-18.*

[5] At oral argument, Soulé and Henshaw, while not stipulating to an exact amount, indicated that distributions were in the range of $180 per month.

[6] *Docket No. 116*.  The Motion contains requests for additional relief.  The parties have advised the Court that all other issues raised by the Motion have been resolved.

entitled to claim any interest in the LLC.[7]

To the extent the "Conclusions of Law" contains items which should be considered findings of fact, those findings of fact are incorporated herein by this reference.

## Conclusions of Law

Henshaw argues that because the Operating Agreement prohibits the transfer of Terri's interests in the LLC without the consent of the other members of the LLC, no interest in the LLC became part of the bankruptcy estate, and Soulé may not claim any interest in the funds received by Terri from the LLC. He offers no legal authority to support his position, most likely due to the fact that none exists.

> Section 541(c)(1) of the Bankruptcy Code provides
> 
> Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—
> 
> > (A) that restricts or conditions transfer of such interest by the debtor; or
> > 
> > (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.[8]

Section 541(c)(1) is plain on its face – a debtor's interest in property becomes property of the bankruptcy estate, even if provisions in the agreement from which that interest arises seek to restrict

---

[7] At the hearing on the Motion, Henshaw could not explain why the LLC continues to make payments to Terri.

[8] § 541(c)(1).

its transfer. Put another way, federal bankruptcy law trumps the terms of the Operating Agreement.

Debtors do not determine what property belongs in their bankruptcy estate. The United States Bankruptcy Code does. The interests held by Terri in the LLC are property of the Debtors' bankruptcy estate. Soulé, as the trustee of Debtors' estate, is entitled to administer those interests. The position taken by Henshaw cannot survive a cursory reading of § 541(c)(1).[9]

## Conclusion

The Motion for Turnover and Accounting filed on March 13, 2012, by Steven W. Soulé, Chapter 7 Trustee, is granted. Terri Ann Willcut shall account to the Trustee for all monies she has received from the LLC since the date of the filing of this bankruptcy case and shall provide such accounting on or before July 16, 2012. Terri Ann Willcut shall pay to the Trustee all monies she has received from the LLC since the date of the filing of this bankruptcy case on or before July 16, 2012.

A separate order consistent with this Memorandum Opinion is entered concurrently

---

[9] The Court is left to ponder why Henshaw resisted the Motion. A cursory reading of § 541(c)(1) dooms the position he has taken. Henshaw provided the Court with no authority to support his argument. Research undertaken by the Court and its staff has uncovered no authority for the argument. The advancement of meritless arguments unnecessarily consumes the time and energy of the parties, their counsel, the Court, and its staff. In a Chapter 7 bankruptcy case, creditors suffer when a trustee is forced to incur legal fees because the money spent on those fees would otherwise be paid to them. In light of the plain language of § 541(c)(1) and Henshaw's failure to provide a single scrap of authority in support of his argument, the Court considered entering an order requiring Henshaw to show cause why he had not violated Federal Rule of Bankruptcy Procedure 9011. This is not the first time Henshaw has thrown as much legal mud as he could muster on the courtroom wall in the hopes that something would stick. After careful deliberation, the Court has determined that even though an order to show cause is justified, it will not be issued. Instead, Henshaw is admonished that he will be expected to submit factual and legal support for the positions he advances in the future. Should the Court believe that an order to show cause under Federal Rule of Bankruptcy Procedure 9011 is warranted in the future, the order will be entered without hesitation.

herewith.

        Dated this 2nd day of July, 2012.

                BY THE COURT:

                TERRENCE L. MICHAEL, CHIEF JUDGE
                UNITED STATES BANKRUPTCY COURT

6350.2